Judge Ewing
delivered the Opinion of the Court.
Wood obtained a judgment before a justice of the peace* on an account against Elizabeth Meredith; from which she appealed to the Circuit Court; and on the trial in said court, a vei'dict being found against her for twenty eight dollars, a judgment for that amount and costs, was rendered against her; from which she prosecutes a writ of error to this Court.
It was proven in the cause, that a negro girl, by the name of Charlotte, was sent to Wood’s, by Mrs. E. B. Coleman, bearing the following note:—
“Mr. Wood — Since you left, I have determined to “ send you the girl: if you have any work fit for her to “ do, I wish you would employ her till I can sell or hire “ her. If you know of any person who wishes to hire *457 44 or buy such a girl, or who has one to sell, please let 44 me know, as I want to dispose of this girl, and get 44 another. E. B. Coleman.”
Opinions of tlie Circuit Court.
That the girl was, shortly after she arrived at Wood’s, taken sick, grew worse, and died in about twelve days. That Mr. and Mrs. Wood were attentive to the girl; kept up fires &c. That an old negro man, her father, who belonged to Mrs. Meredith, the plaintiff in error? but who had been in the possession and under the control of Mr. and Mrs. Coleman, attended upon the girl; so did Mr. and Mrs. Coleman frequently visit and attend to the girl, during her sickness. And she was attended by a physician employed by them.
It also appeared, by the will of Samuel Meredith, that Charlotte and several other slaves, were bequeathed to William T. Barry, in trust, for the benefit of Mrs. Coleman and her children, but subject to a life estate in the same, left, by the same will, to his wife, the plaintiff in error.
James Coleman, the husband of E. B. Coleman, was then introduced by Wood; who proved, that there were several slaves, which belonged to Mrs. Meredith for life, which were in the possession of, and managed and controlled, by Mrs. Coleman; and Charlotte was the same spoken of in the will aforesaid; that he never knew or heard, that Mrs. Coleman was the agent of Mrs. Meredith ; that he presumed, she had learned from the negroes who passed to and from his house, that the’girl was at Wood’s; that when such of the. negroes of Mrs. Meredith as were in the- possession of Mrs. Coleman, were hired out, the notes were taken in the name of Mrs. Meredith. It also was proved, that Dr. Dudley was the family physician of Mrs. Meredith, and Dr. Winter of Mrs. Coleman; and the latter was employed by Mrs. Coleman, to attend on the girl at Mr. Wood’s.
This being all the testimony, the defendant’s counsel moved the Court to instruct the jury to find as in case of a nonsuit; which was overruled by the Court; and, among other instructions, as a modification of an instruction asked by the counsel of Meredith, instructed the jury, that, if they believed that Mrs. Coleman had the *458 charge of Charlotte as the agent of Mrs. Meredith, and Mrs. Meredith was her owner, those circumstances, connected with other evidence in the cause, conduced to prove, that she was acting-as Mrs. Meredith’s agent, in sending Charlotte to Wood’s house, and that the services were rendered at the request of the agent of Mrs. Meredith for her — which would bind her.
A lady having ■slaves, permits “her daughter (the mainder) to have t rol oft hem* who ■occasionally lets them, taking,for iheir hire, notes ■payable to her se slaves is sent, by the 'Pontiff’below! •with a request «ploy heruntiUhé 'b'"1 d')6 Th'd’ '°! falls sick, lingers -and dies;'(see the factsmmutelyde■tailed in the opinion;) and plain'tilF sues the tenant for life, as «ownerof the girl, Tor the expenses, «care #c. of her 'last sickness.— 'Meld,thAt he had no ground of ac'tion against her. Even'the daughter, bailee of the ■tenarit 'for life, couldrecoverno’thing from her in •such a case — still less, canthe bailee of the daughter. Nor do fh'e facts conduce to prove 'that the ■daughter acted in this matter, as agent for her mother.
This Court is clearly of opinion, that the Court erred ip- overruling the instruction ior a- nonsuit, and m giving the above instruction to the jury.
If it were admitted, that Wood had a right of action a8'a^nst anY one5 ^ most clearly appears, that he has none against Mrs. Meredith.
received the girl from Mrs. Coleman, in her own , 6 ’ name, acting for herself, controlling the girl, and propos™8 to or se^ ^er’ aS ^er owni an<I not as the agent of Mrs. Meredith. And though it appears, that Mrs. Coleman, when she hired out the slaves belonging to Mrs. Meredith, which were in her possession, took notes in the name of Mrs. Meredith, it does not appear that was hone by the authority of Mrs. Meredith, or that she knew of it. It may .have been done, not for the benefit of Mrs. Meredith, but for her own. And if . ■ . . . Mrs.'Meredith did know it, and gave her assent to the notes being so taken, it cannot be inferred from this, that she authorized Mrs. Coleman to impose a responsibility on her, to pay for the support and maintenance of the girl when sick, or pay her physician’s bill.
Mrs. Coleman having the possession, control and use of the girl, though she belonged to Mrs. Meredith, would have no more right to make her pay for those charges, than the hirer of a slave would have a right to exact them from the master or owner. And if she had no-right herself, in case' she had remained with her, she surely had no right to impose such responsibility upon Mrs. Meredith, in behalf of Wood. But m this case, she has not attempted to do so.; nor does it appear, that Wood received the girl as the property of Mrs. Meredith, that he looked to her as the principal in the contract, or that he even knew that she was the owner, for life, of the slave, when he received her. We cannot believe *459 therefore, that the proof justified the conclusion, that he received and attended to the girl at the request of Mrs. Meredith, by herself or agent, or that any inference of the kind can be fairly deduced from the proof
It is equally clear, that the instruction to the jury is untenable. There is no evidence, warranting the jury to infer, that Mrs. Coleman had the possession and control of the girl, as the agent of Mrs. Meredith. Nor was it proper for the Court to instruct the jury, that the circumstances proven conduced to prove that Mrs. Coleman was acting as Mrs. Meredith’s agent, in sending the girl to Wood. The instruction was calculated to mislead them, or to direct them as to the conclusions to which they should come, upon facts proven, which, as we have before said, did not, upon any fair interpretation, warrant such conclusion.
It is therefore considered by the Court, that the judgment of the Circuit Court be reversed, and the cause remanded, that a new trial may be granted.